UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICHARD MCCULLOUGH**                                   **CIVIL ACTION**

**versus**                                                **NO. 13-6680**

**ROBERT TANNER, WARDEN**                                **SECTION: "J" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Richard McCullough, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana. On August 16, 2010, he pleaded guilty to one count

of attempted second degree murder under Louisiana law.[1]  The following day, he was sentenced to a term thirty years imprisonment without benefit of parole, probation, or suspension of sentence.[2]  On December 21, 2011, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.[3]  He did not seek direct review by the Louisiana Supreme Court.[4]

On January 17, 2013, petitioner filed an application for post-conviction relief with the state district court.[5]  That application was denied on February 20, 2013.[6]  His related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on April 22, 2013,[7] and by the Louisiana Supreme Court on November 8, 2013.[8]

---

[1] State Rec., Vol. I of IV, transcript of August 16, 2010; State Rec., Vol. I of IV, minute entry dated August 16, 2010.

[2] State Rec., Vol. I of IV, transcript of August 17, 2010, at p. 54; State Rec., Vol. I of IV, minute entry dated August 17, 2010.

[3] State v. McCullough, No. 2011 KA 1128 (La. App. 1st Cir. Dec. 21, 2011); State Rec., Vol. II of III.

[4] Rec. Doc. 1, p. 2.

[5] State Rec., Vol. II of IV.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Here, that date cannot be gleaned with certainty from the record; however, because petitioner signed the application on January 17, 2013, he obviously placed it in the mail no earlier than that date.

[6] State Rec., Vol. II of IV, Order dated February 20, 2013.

[7] State v. McCullough, No. 2013 KW 0421 (La. App. 1st Cir. Apr. 22, 2013); State Rec., Vol. II of IV.

[8] State *ex rel.* McCullough v. State, 125 So.3d 446 (La. 2013) (No. 2013-KH-1148); State Rec., Vol. III of IV.

On November 27, 2013, petitioner filed the instant federal application seeking *habeas corpus* relief, claiming that he received ineffective assistance of counsel.[9] The state argues that the federal application is untimely.[10] The state is correct.[11]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[12] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A)

---

[9] Rec. Doc. 1. After filing this federal application, petitioner returned to the state district court to file a second application for post-conviction relief on December 16, 2013. State Rec., Vol. II of IV. The state court record submitted to this Court contains no ruling with respect to that application.

[10] Rec. Docs. 8 and 9.

[11] Because the federal application is clearly untimely, the undersigned need not, and does not, address the state's alternative arguments.

[12] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction and sentence on December 21, 2011. Under Louisiana law, he then had thirty days to file a writ application with the Louisiana Supreme Court to challenge that judgment. Louisiana Supreme Court Rule X, § 5(a). Because he filed no such application, his state criminal judgment became final for the purposes of the AEDPA, and his federal limitations period therefore commenced, on January 20, 2012. See Butler, 533 F.3d at 317-18. The federal limitations period then expired one year later, unless that federal deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

After three hundred sixty-two (362) days elapsed, petitioner tolled the federal limitations period by filing a post-conviction application with the state district court on January 17, 2013. Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional

Center, 372 F.3d 765, 769-71 (5th Cir. 2004).  Therefore, assuming that petitioner's related supervisory writ applications were timely filed,[13] tolling ceased no later than November 8, 2013, when the Louisiana Supreme Court denied relief.[14]

At that point, petitioner had only three (3) days of the federal limitations period remaining.  As a result, he had only until November 12, 2013,[15] to file his federal application, unless the limitations period was again tolled by a properly filed application for state post-conviction or other collateral review.  Because he had no other such applications pending at any time on or before November 12, 2013, he clearly would not be entitled to further statutory tolling.

The Court must next consider equitable tolling.  The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645 (2010).  However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 649 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's

---

[13] The state does not challenge the timeliness of those writ applications.

[14] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief.  Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

[15] Because the third day fell on November 11, 2013, a legal holiday, the deadline was extended through Tuesday, November 12, 2013.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Here, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

The Court also notes that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). In the instant case, however, petitioner does not argue that he is actually innocent of the crime of which he stands convicted, much less submit any evidence to make a colorable showing of such innocence.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed on or before November 12, 2013, in order to be timely. His federal application was not filed until November 27, 2013,[16] and, therefore, it is clearly untimely.

This Court recognizes that petitioner missed the federal filing deadline by only fifteen (15) days. However, that fact does not change the outcome, because the AEDPA's filing deadline

---

[16] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has stated under penalty of perjury that he placed his application in the prison mail system on November 27, 2013. Rec. Doc. 1, p. 15.

is strictly observed. As the United States Fifth Circuit Court of Appeals explained in a case in which a petitioner had missed the filing deadline by only four days:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

Lookingbill v. Cockrell, 293 F.3d 256, 264-65 (5th Cir. 2002). See also Bowers v. Louisiana Correctional Institute for Women, Civ. Action No. 10-cv-1274, 2013 WL 4499128, at *5 (W.D. La. Aug. 19, 2013) (denying as untimely a *habeas corpus* application filed two days late, noting that "the deadline is 365 days, not somewhere near 365 days").

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Richard McCullough be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[17]

New Orleans, Louisiana, this fourth day of April, 2014.

                **SALLY SHUSHAN**
                **UNITED STATES MAGISTRATE JUDGE**

---

[17] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.